UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID BAILEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case no. 4:08cv1837 TCM |
| | ) |
| TOM VILLMER,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Michael David Bailey (Petitioner), a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from an August 23, 2005 conviction following a guilty plea. See 28 U.S.C. § 2254. Respondent filed a response [Doc. 12] and Petitioner filed a reply [Doc. 16].

This matter is before the undersigned United States Magistrate Judge for review and final disposition of the petition.[2] Finding that the pending federal habeas petition presents

---

[1] The record reveals that Petitioner is now incarcerated at the Farmington Correctional Center, where Tom Villmer is the Warden. Therefore, the Court will substitute Villmer for the originally named Respondent, who was the warden at the institution where Petitioner was incarcerated at the time he filed this federal habeas action. See Rule 2 (a), Rules Governing Section 2254 Cases in the United States District Courts.

Additionally, it is not necessary to name the Attorney General of Missouri, Chris Koster, as a respondent, although the Missouri Attorney General is mentioned in the caption of Petitioner's habeas petition, because Petitioner is not challenging a judgment subjecting him to a sentence he will serve in the future, but is challenging a judgment that resulted in the imposition of one fifteen-year term of imprisonment Petitioner is now serving. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

three grounds for relief based on the allegedly ineffective assistance of Petitioner's plea attorney, and having concluded those claims lack merit, this Court will deny the petition without further proceedings.

**Background**

Petitioner was charged with committing on February 26, 2004, the class A felony of robbery in the first degree, in violation of Mo. Rev. Stat. § 569.020, for forcibly stealing currency in the possession of a man ("Victim"), by threatening the use of what appeared to be a deadly weapon. (Compl., filed Feb. 28, 2004, Legal File, Resp't Ex. C, at 8-10; Indictment, filed Apr. 20, 2004, Legal File, Resp't Ex. C, at 11-12; Docket Sheet, Legal File, Resp't Ex. C, at 1.) Petitioner was also charged as a prior and persistent offender due to two prior convictions. (Indictment, filed Apr. 20, 2004, Legal File, Resp't Ex. C, at 11-12.)

On August 23, 2005, after questioning Petitioner and the prosecutor, the plea court accepted Petitioner's guilty plea, found Petitioner guilty, and sentenced Petitioner to fifteen years in prison in the custody of the Missouri Department of Corrections ("MDC"). (See Aug. 23, 2005 Sentence and J., Legal File, Resp't Ex. C, at 13-15; Plea Tr. at 15-16, Legal File, Resp't Ex. C at 30-31; Aug. 23, 2005, entry on docket sheet, Legal File, Resp't Ex. C, at 6.) The prosecutor reported the following facts as support for the first-degree robbery offense charged:

> Your Honor, in this case [Victim], who is blind, was at his home in the 5100 block of Pennsylvania. He knew [Petitioner] because [Petitioner] associated and hung out with people who lived across the street, and they had met before. [Petitioner] asked [Victim] to borrow $30. [Victim] told [Petitioner] no, and at that point something was placed against [Victim]'s neck,

- 2 -

> and there were threats made that he would be shot if he didn't give [Petitioner] the money. At that point, [Victim] retrieved the money, gave it to [Petitioner], and [Petitioner] left the premises.
>
> [Petitioner] later, upon talking with the police, made a statement on audiotape admitting that he had done these things.

(Plea Tr. at 15-16, Legal File, Resp't Ex. C at 23-24.) During the plea proceeding, Petitioner acknowledged that the two prior convictions listed in the indictment were accurate, that what the prosecutor stated as the facts supporting the first-degree robbery offense were substantially correct, that what he had done violated the law, and that the range of punishment for this class A felony was "10 years to 30 years or life incarceration." (Id. at 20-21, 24.) Petitioner pled guilty, without accepting the State's recommendation that a twenty-year sentence be imposed, upon acknowledging that no promise, other than the State's recommendation as to his sentence, had been made, that the state court had the full range of punishment available for sentencing, and that he would not be able to withdraw his guilty plea if he did not like his sentence. (Id. at 25.) Petitioner also acknowledged that he had had sufficient time to speak with his attorney before entering the plea; and that his attorney had explained the charge to Petitioner, had reviewed the evidence with Petitioner, had explained Petitioner's legal rights and what could happen if he pled guilty, had reviewed defenses and answered his questions, did what Petitioner had asked of counsel, and did not do anything Petitioner did not want the attorney to do. (Id. at 22, 25-27.) Additionally, Petitioner stated he had given his attorney the names of "character witnesses," that he was satisfied with his attorney's investigation, that he had no complaints or criticisms about his attorney, and that

his attorney had done a good job for him. (Id. at 26-27.) Furthermore, Petitioner acknowledged the various rights he gave up when he pled guilty and stated that no one, including his attorney, had threatened or intimidated him to get him to plead guilty or had forced him to plead guilty. (Id. at 27-29.)

Petitioner did not file an appeal after his plea, but timely filed on September 26, 2005, a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035 (Pet'r Post-conviction Mot., Legal File, Resp't Ex. C, at 38-43). See Mo. S. Ct. Rule 24.035(b) (if no appeal is taken from a final judgment after a guilty plea, the post-conviction motion must be filed within 180 days after the person is delivered to the custody of the MDC). Through counsel, Petitioner subsequently filed an amended post-conviction motion, including a request for an evidentiary hearing. (Pet'r Am. Post-conviction Mot., Legal File, Resp't Ex. C, at 47-66.)

Petitioner presented three ineffective assistance of counsel claims in his amended post-conviction motion. First, Petitioner alleged that his plea was not voluntary, knowing, and intelligent because his attorney failed to locate, interview, and endorse as witnesses Betty Rice, a friend of Petitioner, and Ruby Thomas, Petitioner's mother. (Id. at 50-54.) Petitioner next alleged that his plea was not voluntary, knowing, and intelligent because his attorney promised Petitioner that he would be placed in a long-term treatment program under Mo. Rev. Stat. § 217.362 if he pled guilty. (Id. at 54-58.) Finally, Petitioner alleged his plea was not voluntary, knowing, and intelligent because his attorney failed to prepare to impeach Victim with inconsistencies between statements Victim gave to the police and Victim's deposition

testimony, and the attorney failed to advise Petitioner of those inconsistencies. (Id. at 58-63.)

On June 19, 2006, the post-conviction court[3] entered findings of fact and conclusions of law denying Petitioner's request for an evidentiary hearing and denying Petitioner's post-conviction motion ("Judgment"). (J., Legal File, Resp't Ex. C, at 71-80.)

On July 28, 2006, Petitioner filed a timely appeal, raising three points. (Notice of Appeal, Legal File, Resp't Ex. C at 83-84; Pet'r Br., Resp't Ex. A). See Mo. S. Ct. Rule 81.04(a), Rule 81.05(a)(1) (both Rules as in effect before Jan. 1, 2012) (the provisions of those rules give Petitioner forty days from entry of the post-conviction judgment in which to file an appeal). In his first point, Petitioner contended his rights to due process and the effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments were violated by the motion court's judgment denying the post-conviction motion, without an evidentiary hearing, because Petitioner's guilty plea was not voluntary, knowing, and intelligent in that plea counsel failed to locate, interview, and endorse Rice and Thomas as witnesses. (Pet'r Br., Resp't Ex. A, at 15-16, 21.) In his second point, Petitioner argued that his Fifth, Sixth, and Fourteenth Amendment rights to due process and the effective assistance of counsel were violated by the motion court's judgment denying the post-conviction motion, without an evidentiary hearing, because Petitioner's guilty plea was not voluntary, knowing, and intelligent in that Petitioner's counsel induced Petitioner to plead guilty by promising Petitioner that, if he pled guilty, he would be placed in the long-term treatment program under

---

[3] The judge presiding over the post-conviction proceeding also presided over the plea and sentencing proceeding.

Mo. Rev. Stat. § 217.362, a program for which Petitioner was not eligible.  (Id. at 17, 32.)  For his third point on appeal, Petitioner urged his rights to due process and the effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments were violated by the motion court's judgment denying the post-conviction motion, without an evidentiary hearing, because Petitioner's guilty plea was not voluntary, knowing, and intelligent in that plea counsel failed to prepare to impeach Victim with the inconsistencies between what Victim had told the police and what Victim said in his deposition.  (Id. at 19, 37.)  In relevant part, Petitioner and Respondent cited **Strickland v. Washington**, 466 U.S. 668 (1984), in support of their positions on appeal.  (See, e.g., Pet'r Br., Resp't Ex. A, at 23, 41; Resp't Br, Resp't Ex. B, at 12, 20, 27.)

The Missouri Court of Appeals for the Eastern District affirmed the denial of Petitioner's post-conviction motion in a summary order, supplemented by a memorandum, sent only to the parties, setting forth the reasons for the decision.  (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated March 20, 2007, Resp't Ex. D.)  Citing to **Strickland**, supra, and finding that the record conclusively refuted Petitioner's allegations, the state appellate court denied Petitioner's points after discussing points one and three together, and then point two by itself.  (Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), at 3, 4-5.)  Specifically, the Missouri Court of Appeals stated

> We consider [Petitioner]'s first and third points together.  In his first point, [Petitioner] alleges that his guilty plea was rendered involuntary, unknowing, and unintelligent because plea counsel failed to locate, interview,

and endorse two witnesses. In his third point, [Petitioner] alleges that his guilty plea was rendered involuntary, unknowing, and unintelligent because plea counsel failed to prepare to impeach [V]ictim with inconsistencies between [V]ictim's statements to police and at deposition. He also claims that plea counsel failed to tell him of the inconsistencies in [V]ictim's statements and thus deprived him of a defense that he would have pursued at trial.

[Petitioner] attempts to portray his allegations of error as claims that his plea was involuntary, unknowing, and unintelligent. His true complaints, however, are that plea counsel failed to investigate and prepare for trial. A [petitioner] who assures the court that he or she is satisfied with plea counsel's performance and that counsel has done everything the [petitioner] requested is barred from later obtaining post-conviction relief based on an ineffective-assistance-of-counsel claim. Estes v. State, 950 S.W.2d 539, 542 (Mo. [Ct.] App. . . . 1997). In particular, a guilty plea waives any future complaint a [petitioner] may have about counsel's failure to investigate and prepare for trial. Redeemer v. State, 979 S.W.2d 565, 569 (Mo. [Ct.] App. . . . 1998); Estes, 950 S.W.2d at 542.

Here, the record conclusively refutes [Petitioner]'s allegations that plea counsel failed to investigate and prepare for trial. The record of the plea hearing reveals that [Petitioner] stated that he had sufficient time to speak with plea counsel, that counsel did everything [Petitioner] asked him to do, and that counsel had done nothing [Petitioner] instructed him not to do. [Petitioner] stated that his only witnesses were character [witnesses] and that he had provided their contact information to counsel. [Petitioner] stated that he was satisfied with counsel's investigation, that he had no complaints or criticisms of counsel, and that he believed counsel had done a good job. Points one and three are denied.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), Resp't Ex. D, at 4-5.)

For his second point, "that plea counsel was ineffective in that counsel induced him to plead guilty with assurances that he would be entered in a long-term treatment program" if he pled guilty (id. at 5), the Missouri Court of Appeals found:

A mistaken belief about sentencing affects a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and is based upon a positive representation upon which the [defendant] is entitled to rely. Dorsey [v. State],

> 115 S.W.3d [842,] 845 [(Mo. 2003) (en banc)]. The same test applies where the [defendant] alleges that reliance on plea counsel's representations led him to plead guilty. Krider v. State, 44 S.W.3d 850, 857 (Mo. [Ct.] App. . . . 2001). "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted. Where there is no reasonable basis for the [defendant]'s belief in light of the guilty plea record, the [post-conviction] movant is not entitled to relief." Id. (citations omitted). If the record conclusively refutes the [post-conviction] movant's claim, then denial [of the post-conviction motion] without an evidentiary hearing is proper. Brown v. State, 66 S.W.3d 721, 731 (Mo. . . . 2002) [(en banc)].
>
> In this case, the record conclusively refutes any reasonable basis for [Petitioner]'s alleged belief that he would be placed in a long-term treatment program. The record of [Petitioner]'s guilty plea shows that [Petitioner] twice denied that anyone, including plea counsel, had made any promises to him to induce him to plead guilty. He stated that he understood that the range of punishment was imprisonment for ten years to thirty years or life, that the State recommended imprisonment for twenty years, that he was not pleading pursuant to the State's recommendation, and that the court had the full range of punishment available. The record conclusively refutes [Petitioner]'s allegation that plea counsel induced him to plead guilty by promising him placement in a long-term treatment program. Furthermore, even if [Petitioner] somehow held such a belief, it was not reasonable given the warnings he received from the court, which he acknowledged he understood. Point [two is] denied.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), Resp't Ex. D, at 5-6.)

The Missouri Court of Appeals issued its mandate on April 11, 2007. (Mandate, Resp't Ex. E.)

Petitioner filed his federal habeas petition in November 2008. (Pet. [Doc. 1].) In his petition, Petitioner presents three ineffective assistance of counsel claims identical to those he presented to the state appellate court in his post-conviction appeal. (Id. at 13-47.) Respondent counters that the petition should be denied either because it is untimely or because the claims lack merit. (Resp't Response, at 3-17 [Doc. 12].)

**Discussion**

Timeliness of Habeas Petition. Respondent first urges that Petitioner's federal habeas petition should be denied as untimely because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d). See **Payne v. Kemna**, 441 F.3d 570, 572 (8th Cir. 2006) (the one-year period is tolled through the date a timely post-conviction appeal is concluded by the Missouri appellate court's issuance of a mandate). This Court questioned the timeliness of the petition and provided Petitioner an opportunity to address the fact that he filed his federal habeas petition more than one year after the state appellate court issued its mandate. (See Show Cause Order, dated Jan. 23, 2009 [Doc. 3]; Pet'r Response [Doc. 7].) Having considered the parties' arguments regarding the petition's timeliness, as well as Respondent's acknowledgment that it may be "considerably easier" and "more judicially efficient, to address the merits of [Petitioner]'s claims rather than untangle the complexities of the timeliness issue," the Court will consider the merits of Petitioner's claims without addressing the timeliness of the petition. See **Trussell v. Bowersox**, 447 F.3d 588, 590 (8th Cir. 2006) (noting the statute of limitations defense is not a jurisdictional bar to federal habeas review and proceeding to consider the merits of the federal habeas claims, "in the interest of judicial economy," even though, in relevant part, the timeliness of the habeas corpus petition was in doubt); accord **Shelton v. Purkett**, 563 F.3d 404, 407 (8th Cir. 2009) (proceeding to address the merits of the habeas claims rather than "remanding for further development of the non-jurisdictional statute of limitations defense"); **Marcrum v.**

**Luebbers**, 509 F.3d 489, 501 (8th Cir. 2007) (deciding the appellate court did not need to "resolve the question of whether the petition was timely filed" in view of the court's "disposition of the merits of th[e federal habeas] case").

Merits - Standard of Review. Title 28 U.S.C. § 2254(d) mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts *only*

> when the state court's decision [is] contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court [of the United States], or the [state court] decision [is ]based on an unreasonable determination of the facts in light of the evidence presented in the state court.

**de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009); accord **Christenson v. Ault**, 598 F.3d 990, 994 (8th Cir. 2010). "A state court decision is contrary to clearly established federal law if it reaches a conclusion opposite to one reached by the [United States] Supreme Court on a question of law or decides the case differently than the [United States] Supreme Court has decided a case with a materially indistinguishable set of facts." **de la Garza**, 574 F.3d at 1001; accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010). "A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, the relevant state court decision not only applied clearly established federal law incorrectly, but also did so unreasonably." **de la Garza**, 574 F.3d at 1001. "The unreasonable application inquiry is an objective one." **Id.**; see **Losh**, 592 F.3d at 823 (under the unreasonable application clause of § 2254, a habeas petition may be granted

"only if the state court applied the correct governing legal principle in an objectively unreasonable manner").

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38, 44 (2011) (relying on Cullen, supra); accord **Losh**, 592 F.3d at 823 ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). "[T]he 'summary nature' of the [state court's] discussion of [a] federal constitutional question does not preclude application of [§ 2254's] standard." **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law

procedural principles to the contrary." **Harrington v. Richter**, 131 S. Ct. 770, 784-85 (2011). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" **Id.** at 785. When, however, a state court issues a summary ruling, the petitioner can only satisfy the "unreasonable application" prong of habeas review by showing there is no reasonable basis for the state court decision, which the habeas court assesses by determining what arguments or theories could have supported the state court decision and "'whether fairminded jurists could disagree that those arguments or theories are inconsistent'" with a prior decision of the United States Supreme Court. **Cullen**, 131 S. Ct. at 1402 (quoting Harrington, 131 S. Ct. at 784, 786).

Additionally, in a federal habeas action pursued by a state prisoner, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. **Smulls**, 535 F.3d at 864-65.

Merits - Ineffective Assistance of Counsel Claims. In his federal habeas petition, Petitioner alleges that his plea was not voluntary, knowing, and intelligent due to his counsel's ineffective assistance. Specifically, Petitioner urges he is entitled to federal habeas relief because: (1) his attorney failed to locate, interview, and endorse Rice and Thomas as witnesses; (2) his attorney induced him to plead guilty by assuring him that he would enter a long-term treatment program; and (3) his attorney failed to prepare to impeach Victim with inconsistencies between statements he made to the police and statements he made in his deposition. Petitioner also contends, with respect to grounds one and three, that his attorney was ineffective for failing to advise him about defenses that could have been provided by the two witnesses and Victim's allegedly inconsistent statements. Respondent counters that each of the three grounds for relief lack merit. The Court will address grounds one and three together, and then ground two.

The Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel. **Marcrum**, 509 F.3d at 502 (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)). In **Strickland**, supra, the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel. The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 687-88, 694. This two-part standard "applies

to challenges to guilty pleas based on [the] ineffective assistance of counsel." **Hill v. Lockhart**, 474 U.S. 52, 58-59 (1985). Consequently, to obtain habeas relief, Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pled guilty to the charge and would have insisted on going to trial but for that deficient performance. See **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000); see also **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001). "The prejudice inquiry in [guilty plea] cases 'focuse[s] on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 59).

For the performance prong of an ineffective assistance of counsel claim, "[o]nly reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment." **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting Nolan v. Armontrout, 973 F.2d 615, 618 (8th Cir. 1992)). The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of professional judgment.'" **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) (quoting Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006)); accord **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) ("In determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting Strickland, 466 U.S. at 689)).

The question of prejudice from counsel's performance need not be reached if the performance was not deficient. See **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998). Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice. See **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

Importantly, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" **Nguyen**, 114 F.3d at 703 (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)); **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting Voytik, 778 F.2d at 1308); see also **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and representations of the defendant at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings"). Thus, a petitioner has a heavy burden to overcome admissions petitioner made at a plea hearing to show that the plea was involuntary.

Investigation and Preparation of Witnesses. With respect to the claim in ground one regarding Rice and Thomas, Petitioner asserts that he had asked his attorney to contact them; that they would have testified that Victim owed Rice approximately $20.00; that Petitioner was collecting the money on Rice's behalf; and that their testimony would have provided a viable defense by showing Petitioner was not guilty of first-degree robbery.[4] (See Pet'r Pet.

---

[4] Petitioner attached to his reply an affidavit of Betty Rice and an affidavit of Barbara Ann Rice that, Petitioner states, "suppor[t] the testimony they would have provided at trial, if called" to

at 30-31 [Doc. 1].) With respect to the claim in ground three about Victim's allegedly inconsistent statements, Petitioner contends that Victim was inconsistent about how the robbers entered his home, about whether the money was demanded or requested, and about the location on his body where the gun was held; and these inconsistencies would impeach Victim's credibility and support Petitioner's statement of the incident. (See id. at 43-44.)

Here, as the state motion and appellate courts found, the record refutes each of these ineffective assistance of counsel claims. That record includes Petitioner's own assurances, made under oath during the plea proceeding, that he was pleading guilty with the knowledge that he was giving up the right to present witnesses at trial, such as Rice and Thomas, and to have his attorney cross-examine the State's witnesses, which would have included Victim (Plea Tr. at 13 and 14, Legal File, Resp't Ex. C at 28 and 29); that he had had sufficient time to speak with his attorney before entering his guilty plea (id. at 10, Legal File, Resp't Ex. C at 25); that his attorney went over the evidence and defenses with Petitioner prior to the plea (id. at 10-11, Legal File, Resp't Ex. C at 25-26); that his attorney had answered Petitioner's questions and done everything Petitioner asked him to do and nothing Petitioner did not want

---

testify. The Court has not considered those affidavits in resolving this matter, because they are not part of the state court record.

To the extent the Court should consider those affidavits, the Court finds the averments in those affidavits do not appear relevant to Petitioner's claim regarding witnesses Betty Rice and Thomas. Instead, the affidavits' averments appear to address the circumstances of police officers' arrest of Petitioner and the officers' search of the location where he was arrested, rather than any circumstances occurring prior to, or explaining, the robbery. In particular, those affidavits do not mention either any debt owed by Victim to Betty Rice or any effort by Petitioner to collect money from Victim for payment of any such debt.

him to do (<u>id.</u> at 11, Legal File, Resp't Ex. C at 26); that Petitioner "[j]ust [had] character witnesses" and had given his attorney the names and addresses of those people so his attorney could speak with them (<u>id.</u>); that Petitioner was "satisfied with his [attorney's] investigation" (<u>id.</u>); that Petitioner had no "complaints or criticisms" of his attorney (<u>id.</u>); that he had not been forced by his attorney to enter the plea (<u>id.</u> at 14, Legal File, Resp't Ex. C at 29); and that his attorney had not made any promises to him to induce the plea (<u>id.</u> ). This record does not support a determination that Petitioner established the performance prong of these ineffective assistance of counsel claims. Because Petitioner did not satisfy the performance prong, the Court will not address whether Petitioner demonstrated the prejudice prong of those claims. The record supports the state appellate court's decision affirming the motion court's denial of relief on Petitioner's claims regarding Rice, Taylor, and Victim. The state appellate court's decision is not contrary to, or an unreasonable application of, clearly established Federal law; and is not based on an unreasonable determination of the facts.

Grounds one and three are denied.

<u>Attorney's Advice Regarding Sentence.</u> In his second ground for relief, Petitioner urges his plea was not voluntary, knowing, and intelligent, and his attorney was ineffective because his attorney told him that he would be placed in a long-term treatment program, for which he was not eligible, if he pled guilty.

"When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity

- 17 -

in the advice, that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" **Taylor v. Bowersox**, 329 F.3d 963, 972 (8th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771(1970)); accord **Hill**, 474 U.S. at 56-57.

Petitioner has not satisfied his heavy burden to establish his second ground for relief because, as the state appellate court found, this claim is contradicted by both information provided to Petitioner by the plea court and Petitioner's sworn statements to the plea court, during the proceedings in which his guilty plea was accepted and he was sentenced. Here there is no contention and no indication of record that at any time during the plea and sentencing proceedings the plea court, or Petitioner's counsel, indicated that Petitioner was seeking or considered eligible for placement in a long-term treatment program. Only the possibility of a term of imprisonment from ten to thirty years, or for life, was mentioned, and Petitioner indicated his understanding of that range of imprisonment and that the state court could sentence him within that range. A petitioner's acknowledgment in open court of the potential term of imprisonment he may receive upon a plea of guilty, such as Petitioner's acknowledgment that he could receive a term of imprisonment between ten and thirty years or for life, does not support habeas relief based on a claim the attorney incorrectly informed the petitioner of a different sentence. See **Premachandra v. United States**, 101 F.3d 68, 69 (8th Cir. 1996) (rejecting habeas claim that a guilty plea was not voluntary in that trial counsel had incorrectly informed the petitioner that he would not serve a lengthy prison term if he pled guilty because, in relevant part, at the plea proceeding, the petitioner expressly

acknowledged the potential sentence he faced); see also **United States v. Has No Horses**, 261 F.3d 744, 749 (8th Cir. 2001) (rejecting, based on the defendant's testimony during the plea, a claim that erroneous advice by counsel about an expected sentence entitled the defendant to set aside his guilty plea); **United States v. McKnight**, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam) (the court concluded that the defendant's hope of a lesser sentence did "not translate into a claim for relief" because the plea agreement and colloquy indicated that the defendant knew he faced a greater sentence).

Because the Court finds Petitioner did not satisfy the performance prong of this ineffective assistance of counsel claim, the Court will not address whether Petitioner demonstrated the prejudice prong of that claim.

The record supports the state appellate court's decision affirming the motion court's denial of relief on Petitioner's claim that his attorney provided ineffective assistance in that he indicated Petitioner would be placed in a long-term treatment program if he pled guilty. The state appellate court's decision is not contrary to, or an unreasonable application of, clearly established Federal law; and is not based on an unreasonable determination of the facts.

Ground two is denied.

## Conclusion

Upon careful consideration of the merits of each of Petitioner's three claims, and finding that the record supports the state appellate court's decision affirming the state motion court's denial of those claims,

**IT IS HEREBY ORDERED** that Tom Villmer is **SUBSTITUTED** as the only Respondent in this case.

**IT IS FURTHER ORDERED** that the 28 U.S.C. § 2254 petition of Michael David Bailey is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2012.